IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH SCHEINUCK,<br><br>    Plaintiff,<br><br>  v.<br><br>CAPTAIN D. SEPULVEDA,<br><br>    Defendant.<br>_____ / | No. C 09-0727 WHA (PR)<br><br>**ORDER DENYING MOTION TO COMPEL; DENYING MOTION FOR SUMMARY JUDGMENT; SETTING SCHEDULE FOR DISCOVERY AND RENEWED MOTION SUMMARY JUDGMENT**<br><br>(Docket Nos. 17 & 27) |

    Plaintiff, a California prisoner proceeding pro se, has filed a civil rights complaint under 42 U.S.C. 1983. On May 7, 2010, defendant was ordered to respond to plaintiff's motion to compel discovery. Defendant has filed an opposition, and plaintiff has filed a reply. The parties agree that plaintiff did not in good faith meet and confer, or attempt to meet and confer, with defendant prior to filing his motion, as required by Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure. Consequently, the motion is **DENIED**.

    Nevertheless, in order to expedite the resolution of this matter, a schedule for concluding the discovery issues will be set. The papers on the motion to compel indicate that substantial progress has been made on plaintiff's discovery requests. Specifically, defendant has produced and indicated a willingness to produce a number of documents, such that plaintiff in his reply brief identifies only three outstanding discovery issues.

    (1) <u>Request for Medical File</u>

    Defendant states that he has produced plaintiff's entire medical file. Plaintiff contends

that there are additional documents in his medical file that he has not received from defendant. Defendant shall review the medical file and ensure that all documents are produced, and when the parties meet and confer as ordered below, defendant shall address plaintiff's contention that there remain documents from his medical file that have not been produced.

(2) Request for Classification File

Defendant has indicated his willingness to produce certain portions of the plaintiff's classification file that may be relevant to plaintiff's claims. When they meet and confer, plaintiff shall specify the documents in the classification file he seeks and how they may lead to the discovery of relevant information. Defendant shall identify the documents he is willing to produce and explain to plaintiff his reasons for not producing any of the documents plaintiff seeks.

(3) Requests For Production of Documents Nos. 4-7

Defendant shall produce all responsive documents except for communications between himself and his clients, which are protected by the attorney-client privilege. Defendant has indicated that he is willing to do this.

Within **seven** days of the date this order is filed, defendant shall initiate a further meeting with plaintiff, and the parties shall confer in good faith about the above matters. Plaintiff may not make any new discovery requests after the date that the parties meet and confer. No later than **twenty-one** days after the date this order is filed, defendant shall produce all of the documents ordered above as well as any other documents he agrees to produce after the parties meet and confer. The last day for plaintiff to file any further motion to compel is **thirty days** from the date this order is filed.

In light of the outstanding discovery issues, plaintiff's motion to compel and reply brief are construed as an affidavit opposing defendant's motion for summary judgment pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, and the motion is **DENIED**. *See* Fed. R. Civ. P. 56(f)(1) (providing for denial of motion for summary judgment where plaintiff cannot present facts essential to justify its opposition to motion). Within **sixty days** of the date this order is filed, defendant shall file either a renewed motion for summary judgment or notice that

1  he is of the opinion that this case cannot be resolved by summary judgment.  Plaintiff's
2  opposition to the dispositive motion, if any, shall be filed with the court and served upon
3  defendant no later than **thirty days** from the date the motion is filed.  Defendant **shall** file a
4  reply brief no later than **fifteen days** after the date the opposition is filed.  The motion shall be
5  deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion
6  unless the court so orders at a later date.

7  **IT IS SO ORDERED.**
8  Dated: June    14   , 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

25  G:\PRO-SE\WHA\CR.09\SCHEINUCK0727.ORD.wpd

**NOTICE -- WARNING**
**(SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING**
**(EXHAUSTION)**

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed.  If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies.  Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.

4