1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7

8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   JOSEPH SCHEINUCK,                         No. C 09-0727 WHA (PR)

11          Plaintiff,                          **ORDER DENYING SECOND**
                                                **MOTION TO COMPEL; GRANTING**
12     v.                                       **MOTIONS FOR CONTINUANCE;**
                                                **DENYING MOTION FOR**
13   CAPTAIN D. SEPULVEDA,                      **APPOINTMENT OF COUNSEL**

14          Defendant.                          (Docket Nos. 36, 41, 45, 46)
     _____/

15

16                           **INTRODUCTION**

17          Plaintiff, a California prisoner proceeding pro se, has filed a civil rights complaint under

18   42 U.S.C. 1983 pertaining to conditions of his confinement while at the Santa Clara County

19   Jail.  Plaintiff has filed a second motion to compel discovery, two motions to continue

20   deadlines, a motion for appointment of counsel and a motion for leave to file an amended

21   complaint.

22                             **ANALYSIS**

23   A.      Motion to compel

24          Plaintiff filed an initial motion to compel production of several categories of documents,

25   including his entire classification file.  The motion was denied because plaintiff did not in good

26   faith meet and confer with defendant prior to filing his motion, as required by Rule 37(a)(2)(B)

27   of the Federal Rules of Civil Procedure.  The Court ordered the parties to meet and confer

28   regarding the classification file and two other categories of documents, and allowed plaintiff, if

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1  dissatisfied with the outcome of those efforts, to file a further motion to compel.  With respect

2  to the classification file, plaintiff was ordered to specify the documents therein that he seeks and

3  how they may lead to the discovery of relevant information, and defendant was ordered to

4  identify the documents he is willing to produce and explain to plaintiff his reasons for not

5  producing any of the documents plaintiff seeks.

6       On June 15, 2010, defendant wrote to plaintiff indicating that all of the disputed

7  documents except the classification file had been produced to plaintiff.  These included all of

8  plaintiff's medical records as well as other documents.  Defendant indicated that in short order

9  portions of the classification file would be produced that were not privileged or did not

10  jeopardize the safety of the prison.  On June 24, 2010, plaintiff wrote back saying he needed the

11  entire classification file, and that he could not identify specific documents in the file that he

12  wanted or the reasons he wanted them.  On June 29, 2010, defendant produced a substantial

13  portion of the records from the classification file, including records concerning the incidents

14  alleged in the complaint.  Some of these records were redacted in part.  Defendant  identified

15  the records that were not produced and the ones that were redacted, explaining that this was due

16  to the information privilege and concerns for institutional safety.  Thereafter, on July 15, 2010,

17  plaintiff filed a second motion to compel seeking his entire classification file, minus the names

18  of any confidential informants.

19       Plaintiff has once again failed to comply with the meet-and-confer requirements prior to

20  filing his motion.  Plaintiff may meet and confer by telephone or even by mail, and he has made

21  no allegation that his incarceration prevented him from doing so.  Rather, he argues that his

22  prior motion to compel and defendant's opposition to that motion constitute their attempts to

23  meet and confer.  They do not, and neither does the correspondence between the parties in June

24  2010 described above, because it all precedes the disputed issues raised in the current motion to

25  compel.  Upon discovering that the documents produced by defendant did not include all of the

26  documents he wanted from the classification file, plaintiff filed his second motion to compel

27  without attempting to meet and confer with defendant by telephone or even by mail to resolve

28  their differences.  The motion to compel can be denied on this basis alone.

**United States District Court**
For the Northern District of California

1    The motion to compel must also be denied because plaintiff has not specified the records

2  in his classification file that he wants, or explained how they would lead to the discovery of

3  information relevant to his claims, as he was ordered to do.  Plaintiff has continued to request

4  the whole file and he states that he cannot narrow his request without looking at the whole file

5  in order to determine which documents are relevant.  This is not true.  Plaintiff's claims are that

6  defendant failed to protect him when he complained that other inmates were attacking him with

7  cleaning products over approximately sixty days, whereas plaintiff's classification file spans the

8  nearly four years he was at the county jail.  Plaintiff could easily narrow his request to only

9  those classification records that relate to the attacks that occurred during the period of time

10  alleged in the complaint.  Plaintiff does not do so.  Rather, both in his letter to defendant and his

11  current motion to compel, plaintiff continues to seek the entire classification file.  As plaintiff

12  has received a substantial portion of his classification file, including documents concerning the

13  incidents alleged in the complaint, and there is no explanation in the record for why he needs

14  the entire file, plaintiff's motion to compel in which he seeks the whole file is denied.

15  **B.    Motions for Continuance**

16    Good cause appearing, plaintiff's motions for continuances to file a reply to defendant's

17  opposition to the motion to compel, and to file an opposition to defendant's motion for

18  summary judgment, are granted.  Plaintiff's reply brief on the motion to compel and his

19  opposition to the motion for summary judgment are considered timely.

20  **C.    Motion for Appointment of Counsel**

21    Plaintiff has filed a motion for "appointment" of counsel.  There is no constitutional

22  right to counsel in a civil case.  *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981).  28

23  U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a

24  litigant who is proceeding in forma pauperis.  28 U.S.C. § 1915(e)(1).  This does not give the

25  courts the power to make "coercive appointments of counsel."  *Mallard v. United States Dist.*

26  *Court*, 490 U.S. 296, 310 (1989).  In short, the court has only the power to ask pro bono counsel

27  to represent plaintiff, not the power to "appoint" counsel.  Plaintiff has demonstrated that he is

28  more than capable of presenting his claims effectively, and the issues in this case are not

3

complex.  As a result, plaintiff's motion for appointment of counsel is denied.

D.      Motion for leave to file amended complaint

Plaintiff has, for a second time, filed a motion for leave to file an amended complaint. His prior motion was denied because he did not include the proposed amended complaint, and the broad range of claims plaintiff described in his motion indicated that would not be properly joined under Federal Rule of Civil Procedure 20(a).

Plaintiff attaches a proposed amended complaint to his motion.  The proposed amended complaint adds new defendants whom plaintiff alleges were, along with defendant Sepulveda, responsible for failing to protect plaintiff from the attacks of other inmates.  As many of the claims in the proposed amended complaint overlap significantly with the claims against Sepulveda, plaintiff's request to amend the complaint will be addressed in conjunction with the ruling on Sepulveda's pending motion for summary judgment.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion to compel (docket number 36) is **DENIED**. Plaintiff's motions for continuances (docket number 41 and 46) are **GRANTED**.  Plaintiff's motion for appointment of counsel (docket number 45) is **DENIED**.

**IT IS SO ORDERED.**

Dated: December __14__, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court

For the Northern District of California